UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT P. DAVID, in his official capacity as Director of the California Office of Statewide Health Planning and Development,<br><br>Defendant. | No. 2:17-cv-02573-MCE-KJN<br><br>**ORDER** |

Through the present action, Plaintiff Pharmaceutical Research and Manufacturers of America ("PhRMA" or "Plaintiff") seeks a declaration that Section 4 of a California law, Senate Bill 17 ("SB 17"), which imposes various notice, reporting, and justification obligations on the manufacturer of a prescription drug sold to certain purchasers, is unconstitutional. PhRMA seeks injunctive relief preventing implementation of SB 17 by Defendant Robert P. David, Director of the Office of Statewide Health Planning and Development ("OSHPD" or "Defendant").[1] This Court recently denied PhRMA's motion for summary judgment. PhRMA now seeks leave to pursue an interlocutory appeal of

///

---
[1] Elizabeth Landsberg has replaced Robert P. David as the Director of OSHPD.

1

that ruling pursuant to 28 U.S.C. § 1292(b).  ECF No. 94 ("Motion").[2]  For the reasons that follow, PhRMA's Motion is GRANTED.[3]

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it (1) "involves a controlling question of law," (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  See Reese v. BP Expl. (Ak.) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011); Fed. R. App. P. 5(a)(3).[4]  PhRMA has established each of these requirements here.  First, the parties agree, as does the Court, that its ruling on summary judgment involved a controlling question of law.  Second, resolution of the dormant Commerce Clause issue involved a "novel and difficult question[] of first impression" in this circuit, which leaves room for substantial difference of opinion as to its resolution.  See Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).  Indeed, as PhRMA highlights, there is potentially conflicting Fourth Circuit authority on this issue, although this Court believes it to be distinguishable.  Cf. Ass'n for Accessible Meds. v. Frosh, 887 F.3d 664 (4th Cir. 2018), cert. denied, 139 S. Ct. 1168 (2019).  Finally, the Court again agrees with the parties that resolution of an interlocutory appeal will wholly advance this case, which is still in its infancy (e.g., no discovery has been conducted and no trial is set), as well as a separate federal case pending in the District of Oregon that has been stayed pending this Court's resolution of PhRMA's dormant Commerce Clause challenge.  See PhRMA v. Stolfi, No. 6:19-cv-01996-AA (D. Ore. Mar. 9, 2020).

In consideration of the foregoing, PhRMA's Motion for Certification of Interlocutory Appeal (ECF No. 94) is GRANTED.  Pursuant to Federal Appellate Rule 5(a)(3), the

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  ECF No. 95; see E.D. Cal. Local Rule 230(g).

[3] The parties and the Court are intimately familiar with the factual and procedural background of this case as well as the legal issues.  Accordingly, they are not recounted here.

[4] PhRMA argues that their Motion was timely filed eighteen (18) days after denial of the Motion for Summary Judgment.  Motion, at 4 n.1.  The Court concurs, and the matter will thus not be discussed further.

Court hereby amends its January 4, 2021, Memorandum and Order to grant PhRMA permission to appeal and state that the Order satisfies the necessary conditions for an interlocutory appeal under 28 U.S.C. § 1292(b) as set forth above.  This case is STAYED pending resolution of a petition for permission to appeal to the Ninth Circuit Court of Appeals and any subsequent appellate proceedings.  Not later than ninety (90) days following the date this Order is electronically filed, and every ninety (90) days thereafter until the stay is lifted, the parties are directed to file a Joint Status Report advising the Court as to the status of the proceedings before the Ninth Circuit.

　　　　IT IS SO ORDERED.

Dated:  June 16, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE